**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RNS SERVICING, LLC, an Illinois Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>SPIRIT CONSTRUCTION SERVICES, INC., a Delaware Corporation, and STEVEN VAN DEN HEUVAL,[1] a Wisconsin citizen,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 17-cv-108<br><br>Judge Edmond E. Chang<br><br>Magistrate Judge Jeffrey T. Gilbert |

**<u>MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS</u>**

Defendants Spirit Construction Services, Inc. ("Spirit"), and Steven Van Den Heuvel (collectively, "Defendants") respectfully submit this Memorandum in Support of Defendants' Motion to Dismiss, and state as follows:

## <u>Background</u>

The Complaint in this matter raises four related counts. All four share an operative core of facts. Defendants assume the well-pleaded facts are true and correct as pleaded, for purposes of the instant Motion. Defendants do not, however, concede that any allegations of material fact are correct, and reserve the right to challenge, at a later point in these proceedings, any fact pleaded by Plaintiff.

The Complaint alleges that, in 2007, Spirit and its President, Steve Van Den Heuvel ("Steve VDH"), induced IFC Credit Corporation to lend $3.9 million to Ron Van Den Heuvel ("Ron VDH"), Steve's brother, as well as Ron's companies, Tissue Products Technology Corp.

[1] Plaintiff improperly captioned this case; the proper spelling of the individual defendant's name is Steven Van Den Heuvel.

(“TPTC”) and Partners Concepts Development, Inc. (“PCDI”). Complaint, ¶ 1. Spirit and Steve did this by signing an “Acknowledgment of and Consent to Assignment,” dated March 28, 2007 (the “Acknowledgment”). Complaint ¶ 1, Exh. F, p. 10-11.

The Acknowledgment contained three relevant representations. First, that four Fixed Price Engineering, Procurement, and Construction Agreements between Spirit and ST Paper, LLC (“EPC Contracts”), existed, remained in full force as of that date, and had not been breached. Complaint, Exh. F, p. 10. Second, that TPTC and PCDI were subcontractors under the four EPC Contracts and that “substantial sums of money in excess of $3,902,220.00 will become owing to them pursuant to said contracts.” Id. And third, that Spirit would pay all amounts due to TPTC or PCDI, up to $390,222 per month, to IFC instead of to PCDI or TPTC. *Id.*

According to the Complaint, these representations were necessary to induce IFC to enter into a Settlement Agreement with TPTC, PCDI, and Ron VDH. Complaint, ¶¶ 46-47.

On August 7, 2014, Plaintiff in this case, RNS Servicing, LLC, purchased the rights to any claims IFC had against the Defendants in this case. Complaint, ¶ 55.

On March 21, 2106, RNS learned that the EPC Contracts “were frivolous contracts, through an email from Mr. Tak, one of the parties executing the EPC Contracts.” Complaint, ¶ 57. Mr. Tak is Sharad Tak, who is the direct or indirect owner of ST Paper, LLC.

The Complaint raises four counts: I) Negligent Misrepresentation, II) Fraudulent Inducement, III) Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (815 ILCS § 505/2), and IV) Civil Conspiracy. Complaint, ¶¶ 58-93. Each of these counts is predicated on an allegation of falsity of the three factual representations in the March 28, 2007 Acknowledgment. See Complaint, ¶¶ 59, 69, 78, 88. Counts I, III, and IV are also predicated on allegations that Defendants knew of the alleged falsity. Complaint, ¶¶ 61, 70, 88.

## **Analysis**

Federal Rules of Civil Procedure Rules 8 and 9 govern pleading standards. Rule 8 provides the general rules for pleading. Rule 9(b) governs pleading allegations of fraud and provides that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake…" This means that the pleading must establish the "who, what, when, where, and how" of the circumstances constituting fraud or mistake. *United States ex rel. Hanna v. City of Chicago*, 834 F.3d 775, 779 (7th Cir. 2016). Plaintiff's fraudulent misrepresentation and civil conspiracy counts are subject to this heightened standard. *See Siegel v. Shell Oil Co.,* 480 F.Supp.2d 1034, 1041 (N.D. Ill. 2007).

To be legally sufficient, even under the more relaxed pleading standard of Rule 8, a complaint must state allegations that "state a claim to relief that is plausible on its face," meaning that it pleads sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Courts are required, at the motion to dismiss stage, to accept the well-pleaded facts in the complaint as true, but not legal conclusions or conclusory allegations "merely reciting the elements of the claim." *McCauley v. City of Chicago*, 671 F.3d 611, 617 (citing *Iqbal*, 556 U.S. 662). Once it has discarded facts which are not well-pleaded, the Court decides whether the remaining factual allegations "plausibly suggest an entitlement to relief." *Iqbal*, 129 S.Ct. at 1951. The Seventh Circuit has held that this requirement means a plaintiff must provide specific facts that "give enough details about the subject-matter of the case to present a story that holds together." *McCauley*, 671 F.3d at 617. The

more complex the case, the more detail is required. *Id.* (citing *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)).

The elements of Plaintiff's claims are as follows:

Count I: Negligent misrepresentation requires a showing of: (i) a false statement of material fact; (ii) carelessness or negligence in asserting its truth; (iii) intention to induce another party to act; (iv) action in reliance by that party; and (v) damage to the other party from reliance when the party making the statement is under a duty to communicate accurate information. *Capiccioni v. Brennan Naperville, Inc.*, 339 Ill.App.3d 927, 938, 791 N.E. 2d 553 (2003).

Count II: Fraudulent inducement requires that a plaintiff establish: (i) a false statement of material fact; (ii) known or believed to be false by the party making it; (iii) with intent to induce the other party to act; (iv) action by the other party; and (v) damage to the other party resulting from such reliance. *Soules v. Gen. Motors Corp.*, 402 N.E. 2d 599, 601 (Ill. 1980).

Count III: The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, requires: (i) a deceptive act or practice; (ii) intent by the defendant that plaintiff rely on the deception; (iii) that the deception occurred in the course of conduct involving trade or commerce; and (iv) that injury was proximately caused by the complained-of fraud. *Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584, 594 (Ill. 1996).

Count IV: Civil conspiracy requires: (i) combination of two or more persons; (ii) for the purpose of accomplishing some concerted action either an unlawful purpose or by unlawful means; and (iii) in furtherance of which one of the conspirators committed an overt tortious or unlawful act. *Redelman v. Claire Sprayway, Inc*, 375 Ill.App.3d 912 (2007). Plaintiff has alleged that the underlying tortious act at issue is the Defendants' purported fraudulent misrepresentation as alleged in Count II.

All four causes of action, then, share a common element of falsity. In addition, Counts I, II, and IV (because Count IV requires a showing of a tortious act) have an element of negligence or intent. Count I requires a showing that Defendants knew or should have known their representations were false. *Hartford Fire Ins. Co. v. Henry Bros. Const. Mgmt. Servs., LLC*, 877 F. Supp. 2d 614, 618 (N.D. Ill. 2012). Counts II and IV require a showing of actual knowledge of falsity. *Id.* at 618 n.2; *see also Adcock v. Brakegate, Ltd.*, 164 Ill. 2d 54, 63, 645 N.E.2d 888, 894 (1994). Neither falsity nor mental state has been adequately pleaded in accordance with even the relaxed pleading standard of Rule 8.

**Plaintiff Has Failed to Adequately Plead Falsity With Respect to Any Count**

It is insufficient to merely recite the elements of a claim – specific facts must be alleged. *McCauley*, 671 F.3d at 617. Plaintiff repeats, in each of the first three counts, the conclusory statement that the representations in the Acknowledgement dated March 28, 2007, were "false statements of material fact." Complaint, ¶¶ 59, 69, 78. These bare recitations do not meet the standard established in *Iqbal*, because they merely cite elements of the claim. *Iqbal*, 556 U.S. at 681. Accordingly, they must be disregarded. *Id.*

That leaves only one allegation in the Complaint which could possibly be an allegation of specific facts showing falsity: the allegation in paragraph 57 that the EPC contracts were "frivolous contracts." But this allegation fails to present a plausible allegation of falsity. The word "frivolous" does not mean "false," but rather, "characterized by a lack of seriousness or sense," "self-indulgently carefree; unconcerned about or lacking any serious purpose," or "of little or no weight, worth, or importance; not worthy of serious notice," and does not support an allegation of falsity for that reason. *Frivolous*, Random House Webster's Unabridged Dictionary (2d ed. 2001).

But more than that, the email in which Mr. Tak made the subject statement relied upon by Plaintiff demonstrates that "frivolous" was not intended, in context, to mean "false." Tak's full statement was "[t]hese were frivolous contracts, Ron tried to raise money for these but was unsuccessful." Complaint, Exh. L, p. 2. Even viewed in the light most favorable to Plaintiff, this is not a statement that the contracts were false, but merely that funding to act on them was never obtained. The exhibits to Plaintiff's own pleading, then, establish that the contracts, and the representations about them, were not false. Even if the word "frivolous" could be construed to mean false, it is clear that this is not what Mr. Tak meant in the subject writing relied upon by Plaintiff to support its action.

Mr. Tak executed the EPC contracts. Complaint, ¶ 18. It stretches the imagination to interpret Mr. Tak's characterization of the contracts as "frivolous" to mean that he was stating that the contracts he personally entered into were false or in any way not valid, binding contracts. The statement reflects nothing more than that nothing ultimately came of contracts.[2]

**Plaintiff Has Failed to Adequately Plead Mental State With Respect to Counts I, II, and IV**

Assuming arguendo that falsity had been adequately pleaded, which Defendants dispute, Plaintiff has failed to adequately plead the required element of *mens rea* in Counts I, II, and IV, and those counts should be dismissed for that further reason. Count I contains an allegation that the Defendants "knew or should have known" that their representations were false. Complaint, ¶

[2] Even if Mr. Tak had meant "frivolous" to mean that the contracts were not valid (or that they did not contain the terms stated in the representations), that statement would represent a legal conclusion. Without underlying facts demonstrating that one could conclude that the contract was not valid, an allegation stating a legal conclusion is not accepted as true for purposes of determining whether a claim is adequately pleaded. *See Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009). The statement that the EPC contracts were "frivolous," no matter who is saying it, is not a factual allegation that, if true, would allow the Court to determine that Plaintiff's representations regarding the EPC contracts were false. Plaintiff must plead facts that would allow the Court to reach that conclusion, not just a third party's conclusion on that point.

61. Count II asserts that Defendants "knew that their March 28, 2007 statements referenced in Paragraph 69 were false." Count IV incorporates, as its underlying tort, the alleged fraudulent inducement of Count II. Complaint, ¶ 88.

These allegations are insufficient even under the rule that intent may be pleaded "generally." FRCP 9(b); *see also S.E.C. v. Steffes*, 805 F. Supp. 2d 601, 618 (N.D. Ill. 2011) (conclusory allegations of intent sufficient if adequately supported by other facts in Complaint). Moreover, in *Iqbal,* the Supreme Court held that an allegation that the plaintiff was discriminated against "on account of his religion, race, and/or national origin and for no legitimate penological interest" was insufficient to meet the requirement of Rule 8(a) that a plaintiff plead a "short and plain statement of his claim." *Iqbal*, 556 U.S. at 687-88. Plaintiff here does the same thing, reciting only the level of intent which serves as an element of the count, and without providing any factual basis to support that claim. Accordingly, Plaintiff has not adequately pleaded the intent element of these counts.

In Count I of the Complaint, Plaintiff states that "Steve knew or should have known that their March 28, 2007 statements . . . were false." As argued above, facts sufficient to show falsity have not been alleged. However, even if Plaintiff had alleged such facts, there are no allegations in the Complaint sufficient to allege that Defendants were aware of such falsity. The same is true of Counts II and IV, which are dependent upon there having been a fraud. Count II alleges "Steve and Spirit knew that their March 28, 2007 statements . . . were false," but again, does not allege how or why the Defendants would have known that. The Complaint alleges only that Mr. Tak viewed the contracts referenced in the March 28, 2007 statements as "frivolous" after the fact; this allegation would not be sufficient to show that, on March 28, 2007, either Defendant knew or should have known of that fact. *Steffes*, 805 F.Supp. at 618 (collecting cases

demonstrating types of supporting facts that support an allegation of fraudulent intent); *but see Medefil v. Scientific Protein Laboratories, LLC,* No. 13-CV-04773, 2015 WL 3962820, at *6 (N.D. Ill. June 26, 2015) (stating that similar allegation would be sufficient, although noting facts of which the Court was aware that would establish knowledge).

**<u>The Complaint Should be Dismissed With Prejudice</u>**

The Court should dismiss this matter with prejudice. Any amendment to the pleadings to properly state a claim would be futile. First, given the basis for Plaintiffs' purported claims (the Tak statement), Plaintiff will be unable to allege sufficient facts to properly state valid claims. Second, even if Plaintiff could allege sufficient facts to properly state its claims, all of Plaintiff's claims would be barred by the applicable statute of limitations, which are all three or five years for the claims raised in the Complaint.[3] And third, Plaintiff has brought this proceeding for an improper purpose, hoping to embarrass Defendants into settlement, and the Court should not condone that motivation or prolong this proceeding in light of that circumstance.

Although this case is in its early stages, and although the rules of procedure provide that leave to amend pleadings should be granted liberally, a court does not need to allow amendments to a complaint where the amendment would be futile. This Court has noted that there is "no practical difference" between a denial of a motion for leave to amend under Rule 15(a)(2) and the granting of a motion to dismiss for failure to state a claim. *Cohen v. Am. Sec. Ins. Co.*, 735 F.3d 601, 607 (7th Cir. 2013). Circumstances in which an amendment would be futile include

[3] Counts I and III, for negligent misrepresentation and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, are subject to five-year and three-year statutes of limitations, respectively. *Ko v. Eljer Indus., Inc.*, 287 Ill. App. 3d 35, 43, 678 N.E.2d 641, 646–47 (1997). Counts II and IV, for fraudulent inducement and civil conspiracy, are subject to a five-year statute of limitations. *See Melko v. Dionisio,* 219 Ill.App.3d 1048, 162 Ill.Dec. 623, 628, 580 N.E.2d 586, 591 (1991) (common law fraud claims subject to five-year statute of limitations in Illinois); *see also Simon v. Nw. Univ.*, 183 F. Supp. 3d 908, 919–20 (N.D. Ill. 2016) (statute of limitations for civil conspiracy same as for underlying tort).

where it is clear that the plaintiff will not be able to state a claim. *Barry Aviation v. Land O'Lakes Municipal Airport Com'n*, 377 F.3d 682, 687 (7th Cir. 2004). Similarly, a plaintiff need not be given the opportunity to amend a complaint where amendment would not cure statute of limitations problems. *See, e.g., Rodriguez v. United States*, 286 F.3d 972, 980 (7th Cir. 2002). And no opportunity to amend is appropriate where a plaintiff brings a complaint for an improper purpose. *See Johnson v. Cypress Hill*, 641 F.3d 867, 872 (7th Cir. 2011).

First, Plaintiff can plead no set of facts which would entitle it to relief. All of Plaintiff's claims are premised on the notion that the representations contained in the Acknowledgment are false and were false at the time they were made. For the reasons stated above, the Plaintiff has failed to adequately plead a factual basis to show that any of those representations were false. In fact, Plaintiff pleads that there were executed EPC contracts between Spirit and ST Paper, signed by both parties. Complaint, ¶ 18. And the Complaint discloses Plaintiff's sole factual basis for believing the representations were false—that, in 2016, Sharad Tak informed Plaintiff's representative, Marc Langs, that the contracts in question were "frivolous." See Complaint, ¶ 57, Exh. L. But frivolous does not mean invalid, and Exhibit L to the Complaint demonstrates the reason the Complaint cannot be amended to adequately allege falsity–although the EPC contracts are valid contracts, funding for the contracts was never successfully obtained. The contracts about which Defendants made representations were facially valid. Plaintiff has put forward its best allegations to demonstrate that the subject representations were false, but Plaintiff has pleaded or attached to the Complaint sufficient facts—that the contracts were executed and that they failed because funding was sought but never successfully obtained—to show that the representations concerning the contracts were in fact not false. *See, e.g., Foster v. PHH Mortg.*, No. 15 C 7650, 2016 WL 6647925, at *3–4 (N.D. Ill. Nov. 10, 2016) (dismissing case with

prejudice where plaintiff alleged facts that showed that he would not be able to state a claim in amended pleading).

Second, even if Plaintiff was allowed to amend its pleading, it could not overcome the relevant statutes of limitations. Defendants have not yet filed a responsive pleading, so have not yet pleaded statute of limitations defenses. But all four claims are barred by applicable statutes. Plaintiff's negligent misrepresentation count (Count I) is subject to the five-year statute of limitations of 735 ILCS § 5/13-205, which runs from the time the injured party "knows or should have known of the injury." *Knox Coll. v. Celotex Corp.*, 88 Ill.2d 407 (Ill. 1981). Count II, for fraudulent inducement, is also subject to that five-year statute of limitations, running from discovery of the injury and that it was wrongfully caused. 735 ILCS § 5/13-205; *Lind-Waldock & Co. v. Caan*, 691 F.Supp. 57, 62 (N.D.Ill. 1988). Plaintiff's Illinois Consumer Fraud and Deceptive Business Practices Act claim, Count III of the Complaint, has a three-year statute of limitations, see 815 ILCS 505/10a(e), which begins to run at the discovery of the claim, *Gredell v. Wyeth Laboratories, Inc.*, 346 Ill.App.3d 51 (2004). And Count IV, for civil conspiracy, has the same statute of limitations as the underlying tort–in this case, Count II's five-year statute. *See Mauvais-Jarvis v. Wong*, 2013 Ill.App.1st, 120070.

So the statutes of limitation for all four claims run from the time the claim is discovered. And all four claims, even to the extent that they could be pleaded adequately, were discovered in 2008, in prior litigation between Spirit Construction and Plaintiff's predecessor in interest, IFC Credit Corporation. The Deposition of Steven Van Den Heuvel, April 8, 2008, attached hereto as Exhibit A, demonstrates that IFC already believed that the subject representations were false. For example, on page 77, IFC's counsel accuses Defendants of falsely representing that the EPC contracts were in force. On pages 82-83, IFC's counsel suggests that the representations that

TPTC and PCDI would be subcontractors are false. And at page 33-35, IFC's counsel similarly suggests that Defendants have not complied with the requirement to pay over amounts due to TPTC or PCDI to IFC instead. That was in 2008, almost nine years before the filing of this case. So the statutes of limitations started running at that time, if not earlier. Since the longest of those statutes of limitations is five years, they have all long since run out.

Third and finally, this case was brought for an improper purpose. Exhibit L to the Complaint is an email chain between Marc Langs, the former CFO of IFC, and Mr. Tak. In that Exhibit, Mr. Langs, who states that he is representing "a group that is planning to go after Spirit," writes:

> "I continue to believe any spotlight we can shine between . . . [Ron Van Den Heuvel], family members, and cracks in the 'Chinese Wall' for RVDH, Steve Van Den Heuval [sic], family, and the associated comingling of Spirit and Vos will yield interesting results. They have done well to keep this below the radar for many years, and I am sure they would move quickly to avoid attention to these subjects going forward."

Plaintiff's failure to adequately plead its claims, then, is directly related to its improper purpose in the filing of this lawsuit. Plaintiff's exhibit reflects that its purpose is not to file a meritorious action where it can succeed on the facts and law. Plaintiff's purpose is, as Langs stated, to embarrass Defendants in the hope that they would "move quickly to avoid attention" – to settle the case rather than risk supposedly embarrassing information coming to light. But a complaint made without proper basis, such as for the purpose of attracting publicity and to harass, is filed for an improper purpose. *Bryant v. Brooklyn Barbeque Corp.*, 130 F.R.D. 665, 670 (W.D. Mo. 1990), *aff'd sub nom. Bryant v. Brooklyn Barbecue Corp.*, 932 F.2d 697 (8th Cir. 1991) (holding that complaint filed to coincide with sentencing of a defendant, where plaintiff did not gather sufficient information to plead its claims with sufficient particularity until after filing, was filed for improper purpose); *see also* FRCP 11(b)(1); *Northern Illinois Telecom, Inc.*

*v. PNC Bank, NA*, No. 12 C 2372, 2015 WL 1943271, at *9 (N.D. Ill. Apr. 29, 2015), rev'd on other grounds, *N. Illinois Telecom, Inc. v. PNC Bank, N.A.*, No. 15-2142, 2017 WL 945092 (7th Cir. Mar. 10, 2017) (suit brought to extort settlement where no legal entitlement to damages could possibly be established was plainly improper). Plaintiff's Complaint should be dismissed with prejudice.

## **Conclusion**

For the reasons set forth herein, Defendants respectfully request an Order Dismissing Plaintiff's Lawsuit in its entirety, and for such other relief as this Court deems appropriate.

Dated: March 22, 2017

Respectfully Submitted,

HUSCH BLACKWELL LLP

/s/ Robert M. Romashko
Patrick S. Coffey, No. 6188134
Robert M. Romashko, No. 6293659
120 South Riverside Plaza, Suite 2200
Chicago, IL 60606
Telephone: (312) 655-1500
Facsimile: (312) 655-1501
patrick.coffey@huschblackwell.com
robert.romashko@huschblackwell.com

***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 22, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

/s/Robert M. Romashko